IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

AMANDA KAYE PHILLIPS,
       Plaintiff,

-vs-

CAUSE NO.:
AU-17-CV-940-SS

AUSTIN DIAGNOSTIC SURGERY
CENTER,
       Defendant,

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Austin Diagnostic (Austin Diagnostic) Clinic Association (Austin Diagnostic)'s[1] Motion for Attorneys' Fees and Supporting Brief [#17, #18] and Plaintiff Amanda Kaye Phillips's Response [#20] in opposition. Having reviewed the documents, the governing law, the arguments of counsel, and the file as a whole, the Court now enters the following opinion and orders.

### Background

On February 2, 2018, this Court entered an amended order adopting Magistrate Judge Andrew W. Austin's Report and Recommendation advising the Court dismiss Plaintiff's *pro se* complaint as frivolous under 28 U.S.C § 1915(e)(2). Am. Order of Feb. 2, 2018 [#14]. This Court agreed Plaintiff's complaint was frivolous, concluding Plaintiff failed to allege she was discriminated on a basis that would fit under either the Equal Pay Act or Title VII and failed to claim she exhausted her administrative remedies as required under Title VII. *Id.* After reviewing

---

[1] Austin Diagnostic Clinic Association was incorrectly names as Austin Diagnostic Clinic Surgery Center in this lawsuit.

1

Plaintiff objections to the Magistrate Judge's Report and Recommendation, the Court overruled Plaintiff's objections and dismissed Plaintiff's complaint with prejudice. *Id.* On February 20, 2018, Plaintiff filed a notice of appeal.

Austin Diagnostic moves for attorneys' fees under 28 U.S.C. § 1927. Mot. Att'y Fees [#17]. Plaintiff does not contest Austin Diagnostic's right to a fee award. Instead, Plaintiff argues she cannot afford to pay Austin Diagnostic's request for attorneys' fees and she should be compensated for her time in bringing this lawsuit. Austin Diagnostic's pending motion for attorneys' fees is now ripe for review.

## Analysis

### I. Legal Standards

#### A. Attorneys' Fees Under 28 U.S.C. § 1927

28 U.S.C. § 1927 provides that, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." To find a party multiplied proceedings "unreasonably" and "vexatiously," there must "be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002). But § 1927 only authorizes "shifting fees that are associated with the persistent prosecution of a meritless claim." *Id.* (quotation omitted).

#### B. Sanctions under Federal Rule of Civil Procedure 11

Rule 11 permits the Court to impose an appropriate sanction if a pleading, motion, or other paper is presented for any improper purpose, such as to harass or needlessly increase the

cost of litigation, or if the claims or arguments therein are frivolous. *See* FED. R. CIV. P. 11(b). "[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of federal court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). The Court must carefully choose sanctions that further the purpose of the Rule and should impose the least severe sanctions that would adequately deter its violation. *See Thomas v. Capital Security Servs., Inc.*, 836 F.2d 866, 875–76 (5th Cir. 1988). When warranted, sanctions may include an order directing payment to an opposing party of some or all of the reasonable attorney's fees or costs incurred as a result of the violation. *See Merriman v. Security Ins. Co. of Hartford*, 100 F.3d 1187, 1191 (5th Cir. 1996); FED. R. CIV. P. 11(c)(2).

The Court also possesses inherent power to "protect the efficient and orderly administration of justice . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *See Mendoza v. Lynaugh*, 898 F.2d 191, 195–97 (5th Cir. 1993). No *pro se* litigant has the "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 360 (5th Cir. 1986).

In addition to monetary sanctions, "[a] district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008). In determining whether to impose such an injunction, the Court must weigh all of the relevant circumstances, including the following four factors: (1) the party's history of litigation, in particular whether she has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the

3

litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *See id.* at 189. A pre-filing injunction must be "tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Id.* at 187.

## II. Application

Austin Diagnostic's motion for attorneys' fees requests a total fee award of $13,938.00 under 28 U.S.C. § 1927. Supp. Br. [#18] at 1. But the Fifth Circuit has not determined whether a *pro se* litigant can be sanctioned under § 1927.[2] *See Simmons v. Methodist Hosps. of Dallas*, 632 F. App'x 784, 787 n.5 (5th Cir. 2015) ("We note that this court has not yet addressed whether a pro se litigant can be subject to sanctions under section 1927 and need not do so today."). District courts within the Fifth Circuit are split on "whether a *pro se* litigant can be subject to sanctions under § 1927, with the majority finding they cannot." *Barcroft v. Gibbs*, No. 416CV00562ALMCAN, 2017 WL 1499247, at *5 (E.D. Tex. Apr. 5, 2017), report and recommendation adopted, No. 4:16-CV-562, 2017 WL 1498532 (E.D. Tex. Apr. 25, 2017) (collecting district court cases evaluating if a *pro se* litigant can be sanction under § 1927). Given the lack settled authority, this Court denies Austin Diagnostic's request to impose § 1927 sanctions on Plaintiff.

Instead, the Court applies Rule 11 of the Federal Rules of Civil Procedure. In dismissing Plaintiff's suit against Austin Diagnostic, this Court agreed with Magistrate Judge Austin

---

[2] Austin Diagnostic failed to highlight the fact the Fifth Circuit has yet to endorse § 1927 sanctions for *pro se* litigants or the fact that district courts within the Fifth Circuit are split on whether § 1927 can be applied to *pro se* litigants. In a case where Austin Diagnostic's counsel is the only counsel of record and Plaintiff is unrepresented, Austin Diagnostic's failure to highlight adverse authority comes perilously close to violating the Texas Disciplinary Rules of Professional Conduct. *See* Tex. Disciplinary Rules Prof'l Conduct R. 3.03(a)(4), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A, art. 10, § 9 (West 2013). Rule 3.03(a)(4) prohibits a lawyer from "fail[ing] to disclose to the tribunal authority in the controlling jurisdiction known by the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." *Id.* The local rules of the Western District of Texas require attorneys practicing before it to "comply with the standards of professional conduct set out in the Texas Disciplinary Rules of Professional Conduct." Local Rule AT–7(a).

Plaintiff's claims were frivolous. Moreover, in commencing this suit, Plaintiff filed a complaint identical to a petition Plaintiff had filed in a state court case non-suited with prejudice. *See* Mot. Dismiss [#8-1] Ex. A (State Litigation R.).

In addition to this lawsuit, Plaintiff has filed at least seven cases in the Western District of Texas since the beginning of 2017, two of which have been dismissed. *See Phillips v. Hunter Warfield, Inc.*, No. A-17-CV-939 (W.D. Tex. Jan. 19, 2018) (dismissing claims as frivolous); *Phillips v. Christus Santa Rosa Healthcare* Corporation, No. SA-17-CA-0421-FB (W.D. Tex. Sept. 29, 2017) (dismissing claims for failure to state a claim). Sanctions under Rule 11 are necessary to deter Plaintiff's baseless filings as well as compensate Austin Diagnostic for the costs of defending against Plaintiff's second suit in this court.

However, the amount requested by Austin Diagnostic is excessive. At most, Austin Diagnostic filed a motion to dismiss in defending this lawsuit.[3] Given the minimal amount of work necessary to defend this lawsuit, the Court estimates approximately ten hours of work were required to draft Austin Diagnostic's seven-page motion to dismiss. The Court adopts the reasonable hourly rate provided by Austin Diagnostic for an associate lawyer, $250 per hour. Supp. Br. [#18] at 3. As a result, the Court awards Austin Diagnostic $2,500 in attorneys' fees and costs. Until Plaintiff pays Austin Diagnostic, Plaintiff shall not file additional lawsuits within the Western District of Texas without first obtaining leave.

---

[3] The Court is not convinced Austin Diagnostic's motion to dismiss was necessary as it was filed after Judge Austin entered his report and recommendation advising this Court to dismiss Plaintiff's suit as frivolous.

5

## Conclusion

Accordingly,

IT IS ORDERED that Defendant Austin Diagnostic Clinic Association's Motion for Attorneys' Fees [#17] is GRANTED IN PART and DENIED IN PART as described in this opinion;

IT IS FURTHER ORDERED that Plaintiff Amanda Phillips SHALL PAY TWO THOUSAND AND FIVE HUNDRED DOLLARS to Austin Diagnostic Clinic Association for attorneys' fees or costs incurred as a result of this litigation;

IT IS FURTHER ORDERED that Austin Diagnostic Clinic Association SHALL NOTIFTY this Court when Amanda Phillips tenders the TWO THOUSAND AND FIVE HUNDRED DOLLARS; and

IT IS FINALLY ORDERED that Plaintiff Amanda Phillips, in any capacity, is BARRED from filing additional lawsuits in the Western District of Texas without first obtaining leave from a Federal District Judge in the Western District of Texas, Austin Division, or a Judge of the United States Court of Appeals for the Fifth Circuit until she pays the sanctions against her.

SIGNED this the 12th day of March 2018.

_____
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE